UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILLIAN CROCHET,<br><br>          Plaintiff,<br><br>     v.<br><br>CALIFORNIA COLLEGE OF THE ARTS, et al.,<br><br>          Defendants. | Case No. 20-cv-01057-WHA (AGT)<br><br>**ORDER RE: OCTOBER 2, 2020 DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 64 |

So that Jillian Crochet can adequately prepare to depose CCA's representative on October 12, the Court orders CCA to take the following actions by October 9.[1]

**Interrogatory No. 5**. For each access barrier that Crochet has concretely identified in her complaint,[2] CCA must amend its response to Interrogatory No. 5 to identify the administrative remedies, if any, that CCA alleges Crochet has not exhausted.

**Requests for Admission Nos. 1, 6, 11, 12, 18, 50**. CCA must amend its responses to better identify not only what it admits but also what it denies. As examples of what is needed, CCA may look to its responses to Requests for Admission Nos. 2 and 24, which were adequate responses. CCA need not respond to the exact wording of the requests, as Crochet argues CCA must do. *See Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 938 (9th Cir. 1994) (citing *Milgram Food Stores, Inc. v. United States*, 558 F. Supp. 629, 636 (W.D. Mo. 1983)).

---

[1] Before issuing this order, the Court considered Crochet's October 2 letter brief and CCA's July 22 letter brief. *See* ECF Nos. 46, 64. CCA explained in its July 22 letter brief that it stood behind the objections it served in response to Crochet's discovery requests.

[2] *See, e.g.*, Compl. ¶ 17 (lack of a wheelchair-accessible double-occupancy unit at the Panoramic Residences); *id.* ¶ 20 (lack of adjustable temperature controls in Crochet's unit); *id.* ¶ 27 (lack of automatic door-opener for the designated accessible restroom in the Hooper building); *id.* ¶ 30 (lack of lever-style door handles or automatic doors in the new graduate studio facilities); *id.* ¶ 34 (lack of wheelchair lifts on certain campus shuttles).

1   **Requests for Admission Nos. 14, 15, 46–48**.  CCA's objections (on grounds that the
2   requests are vague, ambiguous, or lack foundation) are overruled.  CCA must amend its responses
3   either to admit, to deny, or to provide qualified responses to these requests.  *See Marchand*, 22
4   F.3d at 938; *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 580 (9th Cir. 1992).  If
5   CCA can't do so, it must "state in detail" why not.  Fed. R. Civ. P. 36(a)(4).

6   **Requests for Admission Nos. 31–40, 42–45**.  CCA must amend its responses to clarify
7   whether "it has made reasonable inquiry" such that "the information it knows or can readily obtain
8   is insufficient to enable it to admit or deny."  Fed. R. Civ. P. 36(a)(4).  Once CCA obtains the
9   information needed to admit or deny the statements made in these requests, which may not happen
10  until after the October 12 deposition, it must amend its responses again.

11  **Request for Admission No. 41**.  No supplemental response is needed.  CCA denied this
12  request for admission in full.

13  **Requests for Production Nos. 5–8, 18**.  CCA must produce a subset of documents
14  responsive to these requests.  Specifically, CCA must produce documents that are otherwise
15  responsive to these requests if the documents relate to the facilities that Crochet has specifically
16  identified in her complaint, if they relate to issues of access for persons with physical disabilities,
17  and if they were created between 2015 and the present.  After the October 12 deposition, Crochet
18  may move to compel a more fulsome production.  But in doing so she would need to explain why
19  documents that fall outside the limitations just imposed are relevant.

20  **Requests for Production Nos. 12, 16, 17**.  CCA must produce the documents in its
21  possession that are responsive to these requests.  The documents sought all relate specifically to
22  Crochet and are relevant.

23  **Requests for Production Nos. 19, 20**.  CCA need not produce documents responsive to
24  these requests.  Crochet hasn't explained why the documents sought, which relate to faculty
25  housing and to student housing at residences other than the Panoramic, are relevant.

26  **Requests for Production Nos. 21–24, 26–33**.  For each access barrier that Crochet has
27  concretely identified in her complaint, CCA must produce the documents in its possession that
28  support its affirmative defenses, which are the focus of these requests.

United States District Court
Northern District of California

**Request for Production No. 25**.  The record doesn't support whether the documents requested, CCA's tax returns from 2010 to the present, are relevant and proportional to the needs of the case.  The parties must meet and confer and, if necessary, submit a further joint letter addressing this request.  They may wait to do so until after the October 12 deposition.

**Requests for Production Nos. 34, 36**.  CCA's objections to these requests are overruled. The documents sought relate to the issue of notice and CCA must produce the documents in its possession that are responsive.

* * *

CCA must comply with the terms of this order by October 9.

Although this order addresses discovery that needs to take place before Crochet deposes CCA's representative, the Court reminds the parties of their duty to supplement their responses and disclosures as the case proceeds.  *See* Fed. R. Civ. P. 26(e).

**IT IS SO ORDERED.**

Dated: October 6, 2020

_____
ALEX G. TSE
United States Magistrate Judge